

# Helen F. Dalton and Associates, P.C.
## Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ♦ F. 718.263.9598

December 14, 2018

**Via ECF**
The Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: **Martinez v. 276-8 Pizza Corp., et al.**
    **18-CV-3859 (AT)(KNF)**

Dear Judge Torres:

We represent the Plaintiff in the above-referenced matter and we submit this letter motion jointly with Defendants to request the Court's approval of the Settlement Agreement attached hereto as Exhibit A.

In accordance with Your Honor's November 16, 2018 Order, the parties provide the following information in support of their request for approval of the Settlement Agreement:

**1. The Plaintiff's Range of Possible Recovery**

Plaintiff Jose Luis Martinez ("Plaintiff") alleged that he was not paid approximately five hours of overtime pay per week during his employment by Defendants during the relevant statutory period. Prior to Defendants providing records as to Plaintiff's hours worked and pay received, Plaintiff's counsel performed calculations as to the amount of money they believed that Plaintiff was owed.

According to those calculations, Plaintiff was owed approximately $32,717.50 in unpaid wages, approximately $32,717.50 in liquidated damages and approximately $10,000.00 in statutory penalties. Defendants asserted defenses with respect to, among other issues, the identity of the Plaintiff, the claims for statutory penalties and the method of payment and the rate of overtime pay, if any, to be applied. If Plaintiff were 100% successful on all of his claims, including establishing Defendants' violations were willful under the Fair Labor Standards Act ("FLSA"), Plaintiff could have recovered up to

$75,435.00. If Plaintiff were unsuccessful on all of his claims, he could have recovered nothing.

As such, Plaintiff's range of possible recovery was $0 to $75,435.00.

## 2. The Extent to which "the Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses in Establishing Their Respective Claims and Defenses"

The parties were able to achieve a settlement rather early in the litigation process. Had the parties not have reached a settlement at this time, both parties would incur significant costs conducting outstanding discovery. Although Defendants provided records as to Plaintiff's hours worked and pay received, both parties would have needed to provide formal responses to the other side's discovery demands. Additionally, both parties would have incurred additional expenses conducting depositions in this matter. Settlement will enable the parties to avoid the additional time and costs of the outstanding discovery as well as avoid the exorbitant costs of trial.

## 3. The Seriousness of the Litigation Risks Faced by the Parties

Both parties faced serious litigation risks should this case have proceeded to trial. Plaintiff could have failed to establish his claims as to the amount of hours he had alleged to have worked and as to the amount of money he had alleged to have received. Plaintiff could have lost at trial and would not have received the $33,000.00 that he will receive pursuant to the Settlement Agreement.

If Plaintiff were 100% successful on all of his claims at trial, Defendants faced exposure of not just the $75,315.00 owed to Plaintiff but also having to pay Plaintiff's counsel's reasonable attorneys fees and expenses associated with litigating this matter.

## 4. Whether "the Settlement Agreement is the Product of Arm's-length Bargaining Between Experienced Counsel"

The parties began discussing settlement in this matter in or around August 2018. Over the course of three months, the parties conducted approximately six rounds of negotiations in which Plaintiff reduced his demand and Defendants increased their offer before a settlement was achieved.

Plaintiff's counsel specializes in labor and employment law and has represented individuals in FLSA and NYLL matters for approximately ten years. Plaintiff's counsel handles approximately 80 to 100 FLSA and NYLL cases per year. Plaintiff's counsel has settled hundreds of FLSA and NYLL in the Second Circuit.

Defendants' counsel is an experienced employment lawyer with over 25 years of practice. She has served as counsel for both plaintiffs and defendants in FLSA cases. Further, she has mediated scores of FLSA cases as a Mediator appointed to the Mediation

Panels of the SDNY and EDNY and has a deep appreciation of the risk and settlement analysis with respect to FLSA matters.

### 5. The Possibility of Fraud or Collusion

In short, there is no possibility of fraud or collusion in this matter. Both parties were represented by experienced counsel and enter into the Settlement Agreement on their own free will and accord. There are no terms agreed upon by the parties outside of the Settlement Agreement.

### Plaintiff's Counsel's Attorneys' Fees and Expenses

Lastly, Your Honor has asked for Plaintiff's counsel's contemporaneous billing records in this matter. Please see Plaintiff's counsel's contemporaneous billing records and explanation of Plaintiff's counsel's qualifications are attached hereto as Exhibit B.

The parties reached a settlement of all claims asserted in this matter for $33,000.00. Plaintiff's counsel is respectfully requesting an award of attorneys' fees in the amount of $10,798.33, which is one-third of the settlement amount minus the expenses incurred in this matter. Plaintiff's counsel is also respectfully requesting to be reimbursed for $605.00 in expenses, which include the Southern District of New York filing fee ($400.00), serving the Summons and Complaint on the Defendants through Plaintiff's process server, Anke Judicial Services, Inc. ($195.00), and postage and mailing fees ($10.00).

The basis for this request for attorneys' fees and expenses is the retainer agreement that has been reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiff's counsel is requesting attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiff entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

In closing, the parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

We thank Your Honor for her consideration on this matter.

Respectfully submitted,

*[signature]*